UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CARDOSO,<br><br>        Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center *et al.*,<br><br>        Respondents. | Case No.: 25-cv-3043-BJC-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

  Before the Court is Elizabeth Cardoso's ("Petitioner") Motion for Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Respondents filed a response, ECF No. 5, and Petitioner filed a traverse. ECF No. 6. For the reasons set forth below, the Petition is **GRANTED IN PART AND DENIED IN PART.**

         I.  <u>**BACKGROUND**</u>

  Petitioner, a native and citizen of Mexico, entered the United States without inspection in 2004. ECF No. 1 at 5. In 2011, Petitioner and her husband sought assistance from a non-attorney document preparer to begin the process for Petitioner's husband to file a family-based Petition for Alien Relative (Form I-130) on Petitioner's behalf. *Id.* at 14. In 2012, Petitioner was placed in removal proceedings. *Id.* She attended one hearing in

Immigration Court before her case was administratively closed later that same year. *Id.*

In 2020, Petitioner and her husband consulted a different form preparer, who again submitted a Form I-130 petition on Petitioner's behalf. *Id.* In 2021, USCIS approved this petition. *Id.* In June 2024, because her spouse abused her, Petitioner and her children moved to a new home. *Id.* In July 2025, through counsel, Petitioner filed a Form I-360 self-petition under the Violence Against Women Act (VAWA). *Id.* However, because of Petitioner's change of address, notices subsequently mailed to her former residence—including a notice of an August 1, 2025 Immigration Court hearing and an ICE call-in letter directing her to report to the ICE office in downtown San Diego—were not received by Petitioner. *Id.* Unaware of the scheduled hearing, Petitioner did not appear on August 1, 2025, and the Immigration Court ordered her removed in absentia. *Id.*

On September 9, 2025, Petitioner learned of the *in absentia* removal order from her attorney. *Id.* at 15. On September 15, 2025, Petitioner, through counsel, filed a motion to reopen her removal proceedings on the ground that she failed to receive notice of the August 1, 2025 hearing because it had been sent to her prior address. *Id.* Petitioner's counsel received an ICE call-in letter directing Petitioner to appear at the downtown San Diego ICE office on October 2, 2025. *Id.* Counsel informed Petitioner about the letter, and she complied with the notice and appeared as directed. *Id.* At the appointment, Petitioner was taken into ICE custody, where she remains detained. *Id.* Later that same month, the Immigration Judge granted Petitioner's motion and reopened her removal proceedings. *Id.* Nevertheless, Petitioner has continued to be held in detention, *id.*, and she has not been given a bond hearing. ECF No. 6 at 2.

On November 10, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. ECF No. 1. Respondent filed its reply on November 24, 2025. ECF No. 5. Petitioner submitted her traverse on November 20, 2025. ECF No. 6.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.

2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### III.   DISCUSSION

#### A.   Jurisdiction

The Court considers whether it has authority to hear this case. Respondents argue that the Court lacks jurisdiction per 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g).  ECF No. 5 at 6-9.  Each statute is addressed in turn.

##### 1.   Section 1252(g)

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).   It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority.  *Id*. (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*,

498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges Respondents' policy of treating noncitizens present in the United States as applicants for admission under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes. ECF No. at 10. Challenges to detention without bond is generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders. *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025). Accordingly, § 1252(g) does not divest the Court of jurisdiction.

2. Section 1252(b)(9)

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Petitioner's challenge to her detention without bond pursuant to DHS policy of treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not challenge the decision to detain her or seek removal. *See Nielsen*, 586 U.S. at 402. Because the Court's review addresses Petitioner's challenge to the constitutionality of her detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

B. **Mandatory or Discretionary Detention**

Petitioner contends courts have consistently held that § 1226 governs detention of noncitizens, like herself, that are already in the United States. ECF No. 1 at 10-11. She maintains there is no statutory authority to detain her under § 1225 and doing so violates her due process rights. *Id.* Respondents argue the plain language of § 1225 requires the mandatory detention of Petitioner as an applicant for admission, and the plain language of

1  the statute does not render § 1226(a) or § 1226(c) superfluous. ECF No. 5 at 10.

2  The parties' dispute centers around statutory interpretation. Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention. Petitioner argues, as a noncitizen continuously residing in the United States for over twenty years, she is subject to § 1226(a) not § 1225(b). Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118, (2009). Pursuant to § 1225(b), "in the case of an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The plain text requires the "applicant for admission" be "seeking admission." "[S]eeking admission" requires an affirmative act such as entering the United States or applying for status." *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025). Interpreting the statute, as Respondents suggest, to only require the noncitizen be an applicant for admission, as one present in the United States who has not been admitted, "ignores the other language that also requires them to be 'seeking admission' and for the examining officer to determine they are not clearly and beyond a doubt entitled to be admitted." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4, 2025). The rule against surplusage prohibits this Court from interpreting the statute in a way that would make "seeking admission" meaningless. *See League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024).

Additionally, Respondents' interpretation makes a recent amendment to § 1226(c) superfluous. The Laken Riley Act added a subsection to § 1226(c)(1), which denied bond or parole to any noncitizen who is (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, and (2) charged with, arrested for, or convicted of certain crimes. Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025)). There is no need for an amendment denying bond or parole to those inadmissible

noncitizens if all noncitizens present without admission are already subject to mandatory detention under § 1225(b)(2).

This interpretation is supported by Supreme Court interpretation of the pertinent immigration regulations. *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018) ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."). Additionally, most courts addressing the issue have disagreed with Respondents' interpretation.[1]

There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission." Accordingly, § 1225 does not apply to Petitioner. Rather, Petitioner is subject to § 1226(a). "[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C § 1226(a). Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release that person on bond or conditional parole. *Id*.

### C.     Conclusion

For the foregoing reasons, the Court concludes that it has jurisdiction to consider Petitioner's claims and that Petitioner's continued detention under 8 U.S.C. § 1225 is not supported by the plain language of the statute, relevant precedent, or the structure of the Immigration and Nationality Act. Because Petitioner has not engaged in any conduct constituting "seeking admission," she is not subject to mandatory detention under § 1225(b). Instead, her detention is governed by § 1226(a), which permits release on bond or conditional parole. Respondents' continued detention without a bond hearing violates her

---

[1] *Martinez Lopez v. LaRose*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *4 (S.D. Cal. Oct. 30, 2025) (listing cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (listing cases).

due process rights. Accordingly, habeas relief is warranted to the extent necessary to remedy Petitioner's unlawful detention.

## IV.   ORDERS

Upon consideration of the petition for writ of habeas corpus, ECF No. 1, and for good cause shown, it is hereby **ORDERED** that:

1. Respondents shall provide Petitioner a bond hearing **no later than December 26, 2025.** The hearing shall comply with the requirements applicable to § 1226(a), including an individualized determination of flight risk and danger.

2. Petitioner's request for additional injunctive relief set forth in the Prayer for Relief, ECF No. 1 at 27, is **DENIED**. [2]

3. The hearing scheduled for December 18, 2025, is **VACATED**.

**IT IS SO ORDERED.**
Dated:  December 12, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[2] In her prayer for relief, Petitioner requests an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act. ECF No. 1 at 27. That request is **DENIED without prejudice**. Petitioner's counsel may submit an appropriate EAJA fee application by January 11, 2026.